Mr. Justice Richardson
delivered the opinion of the court.
No rule of law can be clearer than that for every wrong done by one man, to the property or legal rights of another, there is a remedy by action of law. Now that a freeholder has a right to the use of a stream of water running through his land, is equally clear. (See 3 Blks. Com. 218. 2 Do. 18, 14, 304: 1 Bac. 84. 1 Wils. 174. 2 Selwyn, 335. 1 Chitty, 192. 1 Coke, 200, and 1 Id. Rayd. 737.)
Thompson, for the motion.
GNndinen. &? Farr, contra.
To interrupt this right, though but usufructuary, by turning the water from its channel through his land, is a direct privation of a right, it is a palpable wrong, of itself; and to erect a bank across the stream, so as to come in contact with the plaintiffs side, is a trespass ; and I will add, that to do these acts after notice, and an offer on the part of the plaintiff to sell, savours of arbitrary power, neither allowable by law, nor to be countenanced among citizens, who have a right to claim the protection of person and property.
It is true, that the actual damages done to the plaintiff may be trifling, and the defendant has, very possibly, much of extenuation for his conduct. He may too, have erected a mill useful to the public ; but having assuredly deprived his neighbour of á right, he must of course, answer for it in an action ai law. Supposing it be even damnum ab-sque injuria; yet in order to support an action, it is enough that the act proved, constitutes any “ damnum,” or violation of legal right. What has been the real injury to the plaintiff, is for the jury to determine, not the court. The nonsuit is therefore set aside, that the damage, whether great or small, may be adjudged by the jury.
Justices No it, Huger and Colcock, concurred»*
Mr. Justice Gantt:
Under the special circumstances oí the case, I think the nonsuit was correctly ordered. There was no proof that the plaintiff had sustained an injury, and probable conse-«uential damages is no ground of action.